## HOPLEY v. WAKEFIELD.

1. **Partnership:** SETTLEMENT OF ACCOUNTS: EVIDENCE CONSIDERED. Evidence in relation to the settlement of partnership accounts considered.

*Appeal from Cass District Court.*

SATURDAY, OCTOBER 23.

ON the 21st day of June, 1874, the plaintiff sold to the defendant certain lands, executing to him a bond for a deed, and taking in consideration thereof four promissory notes, each for the sum of $1010, payable on the 10th day of April, 1875, 1876, 1877, and 1878, respectively, with interest at the rate of ten per cent. This action is brought upon the last three of these notes, and to foreclose the title bond. The petition admits the following credits upon these notes: On the note first maturing, $101.10 April 10th, 1875, $348 April 18th, 1876, and $436.61 January 24th, 1878; on each of the other two notes, $101.10 April 10th, 1875, and $101.10. April 18th, 1876. Judgment is asked for $3,000, with interest and attorney's fees.

The answer admits the execution of the notes, but denies

any indebtedness thereon. The answer further, in substance, alleges that about December 1st, 1874, the plaintiff and defendant entered into a parol contract to buy, feed and market, cattle, and that on account of the transactions growing out of this partnership the plaintiff received hogs and cattle belonging to the defendant of the aggregate value of $6,878.45, and that he has accounted for $3,824. For the difference judgment is asked.

On the 23d day of May, 1878, the defendant filed an amendment to his answer, alleging in substance that about September 1st, 1876, the plaintiff and the defendant entered into an agreement of partnership by parol for the purpose of buying, feeding and shipping, cattle and hogs; that sales were made through McDonald, March & Darlington, commission merchants in Chicago; that plaintiff's reports of sales are for less amounts than actually received, and that in addition plaintiff sold partnership stock to one Hudson at an advance over cost, and falsely reported he had sold at simple cost.

On the 22d day of February, 1879, the defendant filed a further amendment, alleging that in January, 1878, plaintiff and defendant submitted their partnership dealings during the years 1876 and 1877 to arbitrators; that the award was returned and approved by the court at the February term, 1878; that the plaintiff falsely and fraudulently reported to the arbitrators the prices for which the stock was sold, and that by reason of said false report to the arbitrators defendant has been cheated and damaged in the sum of $1,000. The defendant prays that the award and the judgment thereon may be set aside, and that defendant may have judgment for $1,000 additional to the relief prayed in the original answer.

The cause was tried to the court, and judgment was entered for plaintiff for $3,164.72, and for a foreclosure of the title bond. The defendant appeals.

*A. L. Churchill* and *L. W. Ross*, for the appellant.

*Temple & Phelps* and *Phelps & De Lano*, for the appellee.

DAY, J.—I.　The transactions between these parties commenced in the fall of 1874, and consisted in the buying, feeding and shipping of cattle and hogs under a parol contract of partnership.　They kept no books, and it is now very difficult to ascertain the exact state of their accounts.　As is usual when business is conducted in such a loose manner, they differ very widely as to their respective rights.　The plaintiff claims that there is due him upon the notes sued on something over $3,000, whilst the defendant's attorneys insist there is a balance due him of over $1,200.

On the 22d day of January, 1878, the plaintiff and the defendant agreed to submit to arbitrators all their matters of partnership and partnership accounts whilst in partnership buying, feeding, shipping and selling hogs and cattle during the years 1876 and 1877.

This submission of itself raises a presumption that all matters of partnership account between the parties prior to the year 1876 had theretofore been settled.　The burden of removing this presumption is upon the defendant.　He has not done this.　Upon the contrary we cannot find from the evidence that anything was due from the plaintiff to the defendant prior to the time that the second venture was entered upon, about the 1st of September, 1876.

II.　On the 24th day of January, 1878, the arbitrators filed their award, finding that plaintiff should pay defendant $436.　Afterward judgment was entered in the Cass District Court confirming said award, and on the 10th day of April, 1877, the plaintiff paid the judgment by entering a credit upon the note first maturing for the sum of $436.61.

The defendant claims that the plaintiff falsely reported to the arbitrators the prices for which the stock was sold, and

*(margin note: 1. PARTNERSHIP: settlement of accounts: evidence considered.)*

that he thus fraudulently procured the award.   The award must stand unless fraud in the procuring of it be clearly established.   The testimony upon this branch of the case is very. meager, and, in our opinion, it fails to establish the fraud alleged.

The defendant testifies:   "From examination of books of commission men in Chicago in April, 1878, and from Darlington's deposition filed herein, I have found that plaintiff reported several bunches of stock shipped by us, but in his name, as selling for sums less than those actually received by him."

The defendant then proceeds to mention five sales of cattle as reported in the aggregate at $335.86 less than the amount actually received.   The deposition of Darlington alluded to has reference to two sales of hogs, and does not contain any of the items referred to by defendant.   All his information upon the subject must, therefore, have been derived from an examination of the books of commission men in Chicago. The books are not in evidence, and this testimony is hearsay, and incompetent.

The award must be regarded as a final adjustment of the rights of the parties.   We cannot find from the evidence that the defendant is entitled to any more credits upon the notes than those entered upon them.

AFFIRMED.